IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

NINA D. MESSINA,  )
    Plaintiff,  ) Civil Action No. 09-1629
       ) Chief Judge Gary L. Lancaster
    vs.  ) Chief Magistrate Judge Lisa P. Lenihan
       )
AMYLIN PHARMACEUTICALS, INC. and  )
ELI LILLY CO.,  )
    Defendants.  )

# REPORT AND RECOMMENDATION

# ON MOTION FOR SUMMARY JUDGMENT

## I. Recommendation

It is recommended that the Motion for Summary Judgment filed by Defendants Amylin Pharmaceuticals, Inc. and Eli Lilly Co. ("Defendants"), in this pharmaceutical product liability action be granted, as the case is now clearly time barred under the applicable statute of limitations, as more fully set forth below.

## II. Factual and Procedural History

Plaintiff ("Messina") - in her Complaint filed in State Court on November 18, 2009 - alleges that she was hospitalized (through an emergency room visit for, *e.g.*, abdominal pain,

vomiting, and fever) on March 29, 2007 for conditions including, primarily, pancreatitis; she became tachycardic and was intubated. Approximately one month later, on April 26, 2007, she was transferred to a rehabilitiation facility, still on ventilation support.   Plaintiff had pancreatitis, acute respiratory distress and respiratory failure, was being tube fed and was transferred back to acute care with diagnoses including pancreatitis and sepsis.   Following this approximately two month long period of hospitalization with pancreatitis and multisystem organ failure, Messina was discharged on June 2, 2007 and retained legal counsel within a short time.   See generally Complaint in Civil Action; Plaintiff's Memorandum of Law in Opposition to Motion for Summary Judgment (hereafter "Plaintiff's Memorandum in Opposition") at 2.[1]

Defendants designed, manufacture and/or market the pharmaceutical Exenatide, commonly known as Byetta, which is an injectable drug used in the treatment of diabetes. Plaintiff had been prescribed Byetta by her endocrinologist, Dr. Jessica Perini ("Dr. Perini") and used Byetta from approximately February through April 26, 2007.   At that time (since October 2006), Byetta – through Federal Drug Administration ("FDA") regulatory processes - carried an "adverse reaction" label referencing the possibility of, among other things, acute pancreatitis. This was increased to a "bolded precaution" in January, 2008 and a "bolded warning" in October, 2009.

Plaintiff's Complaint, alleging Counts of Negligence, Strict Liability under Section 402(A) of the Restatement of Torts, and Breach of the Implied Warranty of Merchantability, was transferred to this Court by Defendants on diversity grounds in December, 2009.   Presently pending is Defendants' Motion for Summary Judgment on grounds that (1) the action is

---

[1] See also Defendants' Memorandum of Law In Support of Joint Motion for Summary Judgment (hereafter "Defendants' Memorandum in Support") at 7 (noting that Plaintiff signed HIPAA release forms approximately two months later to allow her attorney to obtain her hospital records).

2

time-barred as it was filed more than two years after the applicable Pennsylvania statute of limitations; and (2) under Pennsylvania law, Plaintiff cannot establish a causal connection between any deficiencies in Defendants' warnings as to Byetta and Dr. Perini's decision to prescribe it, where the endocrinologist's testimony was that she was aware of Byetta's adverse reaction warning, and "may have still made the same decision to treat [Messina] in the same way" if the subsequent FDA-mandated stronger precautionary language regarding pancreatitis had been known to her in 2007.  See Defendants' Memorandum in Support at 3 (quoting Perini's deposition testimony).[2]

### III. Summary Judgment Standard; Statute of Limitations

Summary judgment is to be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  A fact is "material" if proof of its existence or non-existence might affect the outcome of the suit under applicable law.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  And a dispute is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.  Id.

A statute of limitations period begins to run when the cause of action accrues, *i.e.*, when the injury is inflicted and the corresponding right to institute a suit for damages arises.  See Plaintiff's Memorandum in Opposition at 2 (citing Wilson v. El-Daief, 964 A.2d 354, 361 (Pa. 2009)). Under the discovery rule, running of the statute is tolled until the injured party is reasonably aware

---

[2] Cf. Plaintiff's Memorandum in Opposition at 8 ("Plaintiff agrees with defendants' contention that in the duty to warn context, the plaintiff must establish that "had the defendant issued a proper warning to the learned intermediary, [s]he would have altered [her] behavior and the injury would have been avoided.")

3

that her injury has been caused by another's conduct. See, *e.g.*, Gleason v. Borough of Moosic, 15 A.3d 479, 486 (Pa. 2011). The person asserting a cause of action has a duty "to use all reasonable diligence to properly inform [herself] of the facts and circumstances upon which the right of recovery is based and to institute suit within the prescribed period." See Plaintiff's Memorandum in Opposition at 3 (citing Haywood v. Med. Center of Beaver Cty., 608 A.2d 1040, 1042 (Pa. 1992)). "The commencement of the limitations period is grounded on 'inquiry notice' that is tied to 'actual or constructive knowledge of at least some form of significant harm and of a factual cause linked to another's conduct, without the necessity of notice of the full extent of the injury, the fact of actual negligence, or precise cause.'" Id. Where reasonable minds could not differ on a person's pursuit of the cause of her injury with sufficient diligence to toll the otherwise applicable statutory period, the Court determines the statute of limitations defense as a matter of law. See, *e.g.*, Cochran v. GAF Corp., 666 A.2d 245, 250 (Pa. 1995).

## IV.    Analysis

In Response to Defendants' Motion for Summary Judgment, Plaintiff concedes Counts II and III. See Plaintiff's Memorandum in Opposition at 11 ("Plaintiff concedes that the holding in Hahn v. Richter, 673 A.2d 888, 889-91 (Pa. 1996) is controlling and bars plaintiff's non-negligence based claims."). Therefore only Count I Negligence remains. But the case is simply, unfortunately, time barred.

Under Pennsylvania law, suits for negligence are subject to a two-year statute of limitations. A party has an affirmative duty to exercise reasonable diligence in ascertaining the cause of her injury. See, *e.g.*, Cochran, 666 A.2d at 249 (explaining reasonable diligence as "a reasonable effort to discover the cause of an injury under the facts and circumstances present in the

4

case"). Plaintiff's unequivocal deposition testimony is that she believed Byetta caused her injury when she was discharged from the hospital in June, 2007.[3] Given Plaintiff's testimony that she subjectively attributed her injury to Byetta at that time, she was clearly on at least inquiry notice, *i.e.*, her belief was sufficient to trigger running of her two-year statutory period to investigate. Plaintiff's Response to Defendants' Motion for Summary Judgment does not dispute the law, but asserts that, as Plaintiff was ill at the time she testifies to believing her pancreatitis and associated hospitalizations and other injuries were caused by Byetta,[4] the testimony of her parents is more relevant and/or "reliable". See Plaintiff's Memorandum in Opposition at 5.

Plaintiff is, as Defendants note, the litigant in this action and is not a minor. Her testimony is clear. The testimony of Plaintiff's mother, is that (1) while her daughter was hospitalized, her physicians did not tell Mrs. Messina that Byetta *did not* cause her daughter's pancreatitis and she did not know "if [the doctors] were sure" what caused it, and (2) she does not recall telling, and does not believe she would have told, her daughter, when she awoke from her coma, that Byetta had caused her acute pancreatitis. See id. at 5-6 (quoting deposition testimony). Quite shortly after her discharge from hospitalization in June, 2007, Plaintiff and her parents retained current counsel because they believed, (1) as to Plaintiff, that Byetta caused her injury;[5] and (2) as to her mother,

---

[3] See Defendants' Memorandum of Law in Support at 5-6 (quoting Plaintiff's deposition testimony that "since [her] hospitalization, [she] believed that Byetta caused [her] acute pancreatitis" and that her physicians told her mother and father that Byetta caused the pancreatitis when she "was in the coma at Presby [hospital]" and her parents told her "when [she] was able to understand it" when she "got out of the hospital"); id. at 6 (further deposition testimony by Plaintiff that she has been convinced "that Byetta caused [her] acute pancreatitis . . . for years" and since she was discharged from the hospital in 2007 forward). See also id. at 3 (citing Plaintiff's deposition testimony that she did not wish to continue treatment with Dr. Perini after her release from the hospital on June 2, 2007 because she did not think her endocrinologist "[had known] the effects of what Byetta could do").

[4] See Plaintiff's Memorandum in Opposition at 4-5 (asserting that Plaintiff's testimony concerned her memory "in and around the time she was in a medically induced coma fighting necrotizing pancreatitis").

[5] Compare Plaintiff's Memorandum in Opposition at 7-8 (asserting that Plaintiff "did not possess the salient facts of who or what caused her injuries and thus could not have investigated or pursued her claim" and "there remains a

5

that "something went wrong with her care".[6]  They and their counsel on their behalf were obliged to make adequate inquiry during the two (2) year period applicable under Pennsylvania law, to form/substantiate reasonable beliefs as to the cause of Plaintiff's injuries and any resultant potential legal liability, and to file the appropriate actions in the appropriate courts.  Counsel's failure to file the Complaint against Defendants within the statutory period leaves this Court no alternative but to hold the action time barred.

Accordingly, the Court need not reach Defendants' alternative arguments.


V. **Conclusion**

For the reasons set forth above, it is recommended that Defendants' Motion for Summary Judgment be granted.  In accordance with the Magistrate Judges Act, 28 U.S.C. Section 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of service of a copy of this Report and Recommendation to file objections.  Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto.  Failure to file timely objections will constitute a waiver of any appellate rights.

_____
LISA PUPO LENIHAN
United States Chief Magistrate Judge

Dated: December  30, 2011

---

genuine issue of fact as to when plaintiff should have been reasonably aware of the cause of her injuries").

[6] Plaintiff's Memorandum in Opposition at 6 (quoting deposition testimony).  Plaintiff's father's testimony is that "my wife obtained a lawyer . . . because [my daughter] was injured by something.  I don't – I can't say what."  Id.